**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 17 2009

DAVID A. MALAND, CLERK
BY Adele McMillan
DEPUTY

| | | |
|---|---|---|
| **ERIC PAYNE** | § | |
| | § | |
| VS. | § | C.A. 1:09CV0322 |
| | § | |
| **ORANGE COUNTY SHERIFF (OFFICIAL, CAPACITY ONLY) & ORANGE COUNTY, TEXAS** | § § § § | **(JURY REQUESTED)** |

Judge Clark

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff filing his Original Complaint

### I. PARTIES

1. Plaintiff was at all pertinent times an employee of Defendant.

2. Defendants were at all pertinent times Plaintiff's employer.

### II. VENUE AND JURISDICTION

3. This Court has original jurisdiction over this case arising under federal law per U.S. Cont. art. III, 28 USC 1331, 28 USC 1343, 28 USC 2201, et seq. Title VII [42 USC 2000e, et seq] and the Age Discrimination in Employment Act [29 USC 621 et seq].

4. Venue is proper in this Division and District per 28 USC 1391, where the conduct at issue occurred, where the impact of said conduct was felt, where the evidence and witnesses are largely located, where Plaintiff resides, and where Defendants are located.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted all administrative remedies required by law.

## IV. CONDITIONS PRECEDENT

6. All conditions precedent to bringing this action have been performed or have occurred.

## V. THE BASIC FACTS

7. Plaintiff asserts and alleges the following facts:

   a. At all times pertinent to this suit Plaintiff was employed as a correctional officer in Defendant's jail.

   b. While Plaintiff was making rounds to check on inmates in the jail, he got distracted and made an incorrect entry on the round sheet and/or forgot to make an entry thereon.

   c. While making a later round, Plaintiff discovered his mistake, and corrected the round sheet.

   d. Defendants thereafter charged him with intentionally falsification of a Government document and terminated him, or (in the alternative) forced him to resign his position of employment with Defendants.

   e. Defendants also notified the Texas Commission on Law Enforcement Officer Standards and Examinations (TCLEOSE), and inappropriately and wrongfully tagged his State Law Enforcement/Correctional Officer License with the designation of "Dishonorable Discharge".

   f. The Texas Workforce Commission, however, determined that Plaintiff's termination of employment was not because of "misconduct" on the job and awarded him unemployment benefits.

   g. Additionally, Plaintiff appealed the "Dishonorable Discharge" designation to the Texas Commission on Law Enforcement Officer Standards and Examinations

(TCLEOSE), said agency's Administrative Law Judge conducted a trial and found in Plaintiff's favor, and this result was adopted by the Texas Commission on Law Enforcement Officer Standards and Examinations (TCLEOSE); the Texas Commission, thereafter, Ordered Defendants to withdraw the "Dishonorable Discharge" designation and replace it with a more honorable status, enhancing Plaintiff's ability to get another job in the law enforcement field in Texas.

h. Defendant's action, motivation, and intent, was motivated, in whole or substantial part because of Plaintiff's race and age; Plaintiff is a black male over the age of 40 and under the age of 70. On information and belief, Plaintiff was replaced by one or more individuals outside the race and age classifications protected by Federal Law and he was otherwise excessively disciplined because of these inherent characteristics he possessed (ie, a black male over the age of 40 and under the age of 70).

i. At the time in question, Mr. Mike White served as Orange County Sheriff. Sheriff White was, however, defeated in his re-election bid and was replaced by the current Orange County Sheriff, who is Sheriff White's Successor in interest and in office.

## VI. CLAIMS AND CAUSES

8. The facts set out above support Plaintiff's claims asserted, including but not limited to the following:

    (a) Race discrimination prohibited by Title VII (42 USC 2000e, et seq.);

    (b) Age discrimination prohibited by ADEA (29 USC 621, et seq.);

    (c) Retaliation.

## VII. DAMAGES

9. As a result of Defendants' acts and conduct set out above, Plaintiff seeks relief as follows:

    (a)    All damages allowed by law, including back pay and benefits;

    (b)    Injunctive and declaratory relief;

    (c)    An award of attorneys fees as permitted by law;

    (d)    An award of pre-judgment and post-judgment interest at the highest rate and to the extent allowed by law; and

    (e)    An award of his costs of Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial of this case, the Court enter Judgment in his favor and against Defendants, award him damages, injunctive relief, declaratory relief, attorneys fees, pre-judgment and post-judgment interest, and Court costs, and for such further relief as may be just.

Respectfully submitted,

| HEWITT LAW FIRM | WRIGHT & PITRE |
|---|---|
| By: _____ | By: _____ |
| OTTO D. HEWITT, III | H. P. WRIGHT |
| SBT # 09559500 | SBT # 22031000 |
| 1600 E. Hwy 6, Ste. 330 | P. O. Box 186 |
| Alvin, Texas 77511 | Port Neches, Texas 77651 |
| (281) 705-0928 | (409) 722-0486 |
| (281) 331-8777 (fax) | (409) 722-7215 (fax) |
| email: hewittlaw@yahoo.com | hpwright@wright-pitre.com |

**ATTORNEYS FOR PLAINTIFF**